IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CORNELIUS SENAR, AIS # 209043, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 06-0394-WS-C |
| DONALD A. FRIEDLANDER, | : | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint (Doc. 1).**

The sole defendant in this action is Donald A. Friedlander, plaintiff's retained criminal defense counsel (Doc. 1).  Plaintiff alleges that defendant Friedlander, who is a friend of plaintiff's family, offered to represent plaintiff on a felony charge and promised to have the charge dropped so plaintiff would not be indicted and would be returned home.  Defendant Friedlander was paid $30,000.00 to do this.  Because defendant Friedlander did not fulfill his promises, plaintiff received an imprisonment sentence of

fifteen years for manslaughter.  Plaintiff claims that Defendant Friedlander illegally took this money from him and his family, and plaintiff wants it returned in addition to $5,000,000.00 for plaintiff's mental and emotional distress.

## II.  Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)(i).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the claim seeks to enforce a right which clearly does not exist.  *Id.* at 327, 109 S.Ct. at 1833.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*

## III.  Discussion.

Plaintiff has identified his action as arising under 42 U.S.C. § 1983 (Doc. 1).  In order to state a claim under § 1983, a plaintiff must establish:  "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). However, in a § 1983 action, criminal defense counsel, retained or court-appointed, does not act under color of state law in the absence of a conspiracy. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender); *Slavin v. Curry*, 574 F.2d 1256, 1264 (5th Cir.) (retained counsel), *overruled by on other grounds by Sparks v. Duval County Ranch Co.,* 604 F.2d 976 (5th Cir. 1979).[2]

In *Polk County*, a public defender, who was paid by the State, was sued under § 1983 by his former client, an indigent criminal defendant. The Supreme Court ruled that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client." *Id.* at 318, 102 S.Ct. at 449. The *Polk County* Court concluded that "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *Id.* at 319, 102 S.Ct. at 450 (footnote omitted). The Court determined that court-appointed, criminal defense counsel carried out the

---

[2]The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

traditional functions of a lawyer representing a criminal defendant and therefore did not act under color of state law. *Id.* at 325, 102 S.Ct. at 453. Thus, the Court ruled that the § 1983 complaint must be dismissed against the public defender for lack of state action. *Id.*

In the present action, defendant Friedlander was a retained attorney who was not paid by the State. Thus, with the source of payment for plaintiff's representation not being the State, defendant Friedlander had no connection with the State in his representation of plaintiff.

Furthermore, plaintiff has not alleged that he was convicted as a result of a conspiracy. *See Tower v. Glover,* 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984) (finding the complaint sufficiently alleged a conspiracy to convict). Moreover, the present complaint's allegations would preclude a finding of a conspiracy because defendant Friedlander was allegedly attempting to have the charge against plaintiff dismissed and the failure to do so does not constitute a conspiracy to convict. Accordingly, the undersigned finds that defendant Friedlander did not act under color of state law and that plaintiff has not established a required element of a § 1983 action..

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed as frivolous with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 21st day of August, 2006.

<u>**s/WILLIAM E. CASSADY**</u>
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections

with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

         s/WILLIAM E. CASSADY
         UNITED STATES MAGISTRATE JUDGE